UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JIN CHUL CHA (a.k.a. "Jacob Cha"), <br><br> Defendant. | No. 4:17-cr-06046-SMJ <br><br> **ORDER DENYING 28 U.S.C. § 2255 MOTION** |

Before the Court, without oral argument, is Jin Chul Cha's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 62. He requests that the Court correct his sentence by lowering the restitution amount, which he argues he did not have proper notice of and is higher than the amount agreed upon in his plea agreement[1]. *Id.* Having reviewed the file and relevant legal authorities, the Court is fully informed and denies the § 2255 motion.

---

[1] Cha argues that he is not breaching the waiver of appeal rights provision set forth in his amended plea agreement, ECF No. 20, by filing this motion, as he is attempting to "enforce" the agreement as it relates to restitution, not "attacking his conviction and sentence." ECF No. 62-1 at 4. He notes that in the event the Court considers this motion a breach of his agreement, he seeks to withdraw the motion. *Id.* The Court concludes it is unnecessary to determine whether Cha's appeal waiver applies, because as explained below, dismissal of this motion is appropriate.

ORDER DENYING 28 U.S.C. § 2255 MOTION **-** 1

## LEGAL STANDARD

Under § 2255, a prisoner in custody for a federal sentence may move the sentencing court to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The Court may dismiss a prisoner's § 2255 motion without requiring a response from the Government, holding an evidentiary hearing, and entering findings of fact and conclusions of law if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b).

In deciding whether the Court may summarily dismiss a § 2255 motion, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (alteration in original) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Thus, the Court may summarily dismiss a § 2255 motion if "the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* (quoting *Schaflander*, 743 F.2d at 717). The Court must liberally construe a *pro se* § 2255 motion. *Orona v.*

*United States*, 826 F.3d 1196, 1199 (9th Cir. 2016).

## DISCUSSION

### A. Timeliness

A prisoner must file a § 2255 motion within one year of, as relevant here, the date when the judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on April 23, 2018, ECF No. 45, and entered an amended judgment on June 28, 2018, ECF No. 57. Cha never pursued a direct appeal. ECF No. 62 at 4. Because Cha filed his § 2255 motion on February 25, 2019, it is timely.

### B. Noncognizability

Nonetheless, relief from a restitution order is simply not a cognizable claim for a § 2255 motion. *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002). "By its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order." *United States v. Kramer*, 195 F.3d 1130 (9th Cir. 1999). Therefore, on this ground alone, Cha's allegations do not give rise to any claim for relief and the motion must be denied.

### C. Procedural default

In any case, Cha's failure to pursue a direct appeal of his restitution claim constitutes a procedural bar. A § 2255 motion is certainly the appropriate vehicle

by which a federal prisoner may challenge his sentence. *See Davis v. United States*, 417 U.S. 333, 343–44 (1974). But a § 2255 motion may not substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Generally, any claim a prisoner could have raised at trial or on direct appeal is procedurally defaulted if he failed to raise it. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Frady*, 456 U.S. at 167–68.

Here, Cha did not pursue a direct appeal and did not present his restitution claim until now. He may nonetheless present the procedurally defaulted claim if he demonstrates cause and actual prejudice. *See Murray v. Carrier*, 477 U.S. 478, 486 (1986). As cause, he asserts that this claim "is based on new information/law [he] did not have at the time of pleading guilty." ECF No. 62 at 9. He asserts that the new Supreme Court decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), makes clear that he should only be responsible for restitution in the amount of $1 million, and not the $8,675,379.07 that he was sentenced to. ECF No. 62-1 at 5. Cha's reliance on $1 million is misplaced, as that was the "money judgment" he was responsible for under the amended plea agreement, not the amount of restitution agreed upon. *See* ECF No. 20 at 18.

In any case, *Honeycutt* was decided on June 5, 2017, which was *prior* to Cha's guilty plea entered on January 11, 2018; the judgment entered on April 23, 2018; and the amended judgment entered on June 28, 2018. So, *Honeycutt* was

actually available at the time he pled guilty. Moreover, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486. Accordingly, Cha is incorrect that *Honeycutt* constitutes cause to excuse his failure to previously raise this claim.

Cha provides yet another basis for cause: "long standing history of restitution in federal criminal justice." ECF No. 62-1 at 5. He argues that *United States v. Parrott*, 992 F.2d 914 (9th Cir. 1993), supports limiting his restitution obligation to $1 million because those were the losses attributable to him. Again, his reliance on $1 million is incorrect. However, he alternatively argues that restitution in the amount of $6,006,094 is appropriate. ECF No. 62-1 at 1, 6–7.

He derives that figure by adding two numbers from his amended plea agreement. In it, the Government and Cha stipulated that pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664 (the Victim and Witness Protection Act), the Court should order restitution in the amounts of $2,506,094 to the U.S. Department of Treasury, and "no less than $3.5 million to the third-party broker or any subsequent purchaser of the fraudulent RINs who retired them. The final amount and recipient will be determined by the Court at the time of sentencing." ECF No. 20 at 14. In essence, Cha adds $2,506,094 to $3.5 million and argues that he only had notice that restitution would be $6,006,094, not $8,675,379.07. This argument

ORDER DENYING 28 U.S.C. § 2255 MOTION - 5

is patently frivolous as the agreement states that the amount would be *no less* than $3.5 million, not that $3.5 million would be the definitive amount found by the Court.

To be clear, Cha is correct that where, as here, the Victim and Witness Protection Act serves as the basis for restitution, the amount must be fixed by judicial determination by a preponderance of the evidence. *See Parrott*, 992 F.2d at 917. "The defendant must be afforded notice and an opportunity to be heard." *Id.*

But upon reviewing the record, the Court concludes it is undeniable that Cha was given notice and an opportunity to be heard prior to the Court's determination of the restitution owed to the third-party broker or any subsequent purchaser of the fraudulent RINs who retired them: Murex, LLC. At Cha's sentencing hearing held on April 20, 2018, defense counsel advised the Court that he needed more time to review and propose the restitution amount for Murex. ECF No. 43. The Court gave the parties until May 4, 2018 to file briefs on the amount of restitution and/or stipulation as to restitution. *See* ECF No. 50.

Although the parties initially disagreed on the amount, the Government ultimately notified the Court through a supplemental brief that it accepted Cha's calculated restitution amount: $6,169,285.97. ECF No. 55. Finding no need for a hearing and accepting the findings asserted by the parties, the Court entered an

amended judgment. ECF No. 57. The Court ordered the stipulated $2,506,094 in restitution for the U.S. Department of Treasury, as well as the judicially determined amount of $6,169,285.97 for Murex. *Id.* at 6. Pursuant to the parties' agreement, the amount of $6,169,285.97 was *no less* than $3.5 million, and was in fact the amount that defense counsel, on behalf of Cha, had requested. *See* ECF No. 53.

Therefore, Cha fails to make specific allegations that, if true, could constitute cause to excuse his procedural default. Accordingly, the Court summarily dismisses Cha's § 2255 motion.

**D.     Certificate of appealability**

Under Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having reviewed the file and the motion, the Court determines Cha has not made a substantial showing of the denial of a constitutional right, and no reasonable jurist would find debatable or wrong the Court's assessment of Cha's claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); 28 U.S.C. § 2253(c)(2). Accordingly, the Court declines to issue a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED**:

**1.**     Cha's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody, **ECF No. 62**, is **DENIED**.

**2.** The Clerk's Office is **DIRECTED** to **CLOSE** the file.

**3.** A certificate of appealability is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to the *pro se* movant and all counsel.

**DATED** this 5th day of March 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING 28 U.S.C. § 2255 MOTION **-** 8